J. L. REINSCHMIDT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4681.    Promulgated July 30, 1927.

*Russel Snow, Esq.,* for the petitioner.
*M. N. Fisher, Esq.,* for the respondent.

MARQUETTE: This proceeding is for the redetermination of a deficiency in income tax for the year 1920 in the amount of less than $10,000.

#### FINDINGS OF FACT.

The petitioner is an individual residing at Quitman, Ga. He is and was during the year 1920 engaged in the business of manufacturing and selling staves and barrels.

During the year 1920 the petitioner was also a member of a partnership which was engaged in the manufacture and sale of staves under the name of the Standard Stave Co. The petitioner, in addition to operating his own stave and barrel business, acted as selling agent for the Standard Stave Co. and handled its entire output for a commission of 15 cents per bundle. In the year 1920, the market for staves having declined, one of the other members of the Standard Stave Co., W. J. Booth, made an agreement with the peti-

tioner by which the petitioner was to sell the partnership staves for such an amount as he could get for them and allow the partnership credit for the staves at a stipulated price. The petitioner sold the staves according to the agreement and his profit thereon amounted to $2,589.25, more than the regular commission of 15 cents per bundle. In the year 1921 Booth repudiated his agreement and claimed that he had not made it, and that the petitioner was entitled only to the regular commission of 15 cents per bundle on the staves sold. The petitioner finally acceded to the position taken by Booth and in September, 1922, credited the partnership with the amount in controversy, to wit, $2,589.25. The petitioner now claims that the amount of $2,589.25 should be eliminated from his income for the year 1920.

In the year 1920 the petitioner found that his cash book showed his bank balance to be $4,380.01 more than his balance as shown by the books of his bank. He was not able to reconcile the discrepancy and he therefore charged off the amount of $4,380.01 to expense and deducted that amount in computing his net income for the year 1920. The respondent disallowed the deduction.

*Judgment will be entered for the respondent.*

Considered by MILLIKEN, PHILLIPS, and VAN FOSSAN.